*In re* HÉCTOR ALVARADO TIZOL, querellado.

*Número:* AB-96-69      *Resuelto:* 25 de octubre de 2002

*Francisco N. Vázquez Santoni, Luis M. Angelet Frau* y *Nicolás Quiñones Castrillo,* abogados de la parte querellada; *Carmen H. Carlos,* directora de la Oficina de Inspección de Notarías; *Juan Rodríguez Sosa, Iris Rodríguez, Eliezer Esquilín Olmo, Juan Esquilín Olmo, Mei-Ling Rodríguez González* y *Gabina Esquilín Cruz,* querellantes que comparecen por derecho propio.

PER CURIAM: Después de concederle al Lic. Héctor Alvarado Tizol prórrogas por más de cinco años para subsanar las deficiencias encontradas en unas escrituras públicas autorizadas por éste que eran nulas debido a los errores cometidos y admitidos por él, y habiendo transcurrido to-

dos estos años sin que el notario cumpliera estrictamente con nuestra Resolución de 9 de octubre de 1997, procede su suspensión inmediata del ejercicio de la notaría.

I

El 20 de marzo de 1997 la Lic. Carmen H. Carlos, directora de la Oficina de Inspección de Notarías (Directora), sometió un informe sobre una queja presentada por los señores Juan A. Rodríguez Sosa, Iris Rodríguez Rodríguez, Benjamín Marrero Santiago y Mei-Ling Rodríguez González contra el Lic. Héctor Alvarado Tizol por unas escrituras autorizadas por éste en los años 1986 y 1988.

Dicho informe encontró que el notario violó la Sec. 14 de la Ley Notarial que estaba vigente[1] al momento de otorgar —en 1986— una escritura de segregación y compraventa de un bien inmueble (4 L.P.R.A. ant. sec. 1014), sin hacer constar que uno de los otorgantes era ciego, el otro no sabía leer ni escribir y al no requerirle, a éste último, que fijara sus huellas digitales en la escritura. Tampoco cumplió con la Sec. 15 de la citada Ley Notarial, *supra*, 4 L.P.R.A. ant. sec. 1015, al utilizar como testigos a los hijos de dichos otorgantes, en contravención con la prohibición de parentesco dispuesta por dicha sección. Además, no cumplió con el requisito de unidad de acto exigido cuando se requieren testigos instrumentales, como en este caso, y de dar lectura en voz alta conforme a lo requerido en la Sec. 27 de dicha legislación, 4 L.P.R.A. ant. sec. 1027. El notario tampoco cumplió con su obligación de describir el tracto de los bienes segregados. A la luz de estos hallazgos, la Directora concluyó que la escritura de 1986 era nula según lo dispuesto en la Sec. 20(2) de la Ley Notarial de

---

[1] Ley Núm. 99 de 27 de junio de 1956, conocida como Ley Notarial de Puerto Rico de 1957.

Puerto Rico de 1957, vigente en 1986 (4 L.P.R.A. ant. sec. 1020(2)).

Sobre la escritura de cesión de camino otorgada también por el notario en 1988, y a la cual comparecieron las mismas partes, la Directora encontró que el notario violó la Ley Notarial de 1987[2] en cuanto a los requisitos exigidos por el Art. 21[3] cuando el otorgante es ciego o cuando éste no sabe leer ni escribir. Tampoco tomó las huellas digitales requeridas a los otorgantes que no sepan o no puedan escribir, ni se dio la lectura dos veces en voz alta, ni se acreditó la unidad de acto. Además, utilizó nuevamente como testigos instrumentales a los hijos de uno de los otorgantes en clara violación del Art. 22[4] de la mencionada ley. Por ende, también concluyó que, a tenor con lo dispuesto en el Art. 34(2)[5] de la Ley Notarial de 1987, dicha escritura era nula.

Recibido dicho informe, este Tribunal le concedió al licenciado Alvarado Tizol un término para contestar los hallazgos y las conclusiones de la Directora. En su comparecencia ante nos, el licenciado Alvarado Tizol aceptó y reconoció que las escrituras otorgadas por él eran nulas debido a las faltas y errores cometidos. Afirmó que estaba en disposición de resarcir cualquier daño ocasionado a los querellantes por su negligencia, y solicitó un término razonable para subsanar la situación causada por él.

En vista de su disposición de resarcir cualquier daño ocasionado y de "subsanar esta lamentable situación", el Tribunal le concedió un plazo de noventa días. No obstante, advirtió al notario que esto no implicaría que el Tribunal posteriormente se abstendría de imponer las sanciones disciplinarias que estimara procedentes.

Transcurrido dicho término, el notario solicitó una pró-

---

[2] Ley Núm. 75 de 2 de julio de 1987 (4 L.P.R.A. sec. 2001 *et seq.*).

[3] 4 L.P.R.A. sec. 2039.

[4] 4 L.P.R.A. sec. 2040.

[5] 4 L.P.R.A. sec. 2052(2).

rroga adicional para cumplir con lo ordenado. El Tribunal accedió a dicha petición y le concedió noventa días adicionales. No obstante, dicho plazo transcurrió sin que el notario cumpliese con nuestra resolución, por lo que nuevamente solicitó un término adicional para hacerlo.

Pasados cinco años desde la orden inicial, y después de trece resoluciones de esta Curia en las que se le concedieron al notario términos adicionales para cumplir, el pasado 26 de abril de 2002 le concedimos un "término final e improrrogable de noventa días para corregir las deficiencias por él cometidas en la autorización de las escrituras en controversia y/o para resarcir a los perjudicados los daños causados a éstos por su actuación deficiente como notario, según éste así lo ofreciera en su comparecencia de fecha de 8 de agosto de 1997".

A pesar de nuestra advertencia de que dicho término sería "la última prórroga y oportunidad" para cumplir con nuestra Resolución de 9 de octubre de 1997, el notario ha comparecido para informar que todavía no ha concluido las gestiones correspondientes para subsanar los errores cometidos en la autorización de las escrituras. Además, nuevamente nos solicita que le concedamos un término adicional de noventa días para cumplir con lo ordenado. Habiendo pasado aproximadamente cinco años desde nuestra orden inicial y agotada nuestra paciencia con las catorce prórrogas concedidas al licenciado Alvarado Tizol para subsanar los errores cometidos y resarcir a los perjudicados por los daños causados por las violaciones cometidas en su gestión notarial, se deniega la prórroga solicitada en esta ocasión. En vista de su incumplimiento con los términos concedidos para cumplir nuestras órdenes y su desidia insólita a través de todos estos años, simultáneamente se ordena su suspensión *inmediata* del ejercicio de la notaría. No toleraremos más posposiciones de su parte. Ahora lo que le corresponde hacer es cumplir rápidamente con su compromiso con nosotros sin más excusas ni expli-

caciones relativas a la complejidad de la tarea que tiene que realizar. De hecho, el tiempo transcurrido demuestra claramente su incapacidad para ejercer responsablemente la notaría.

Por otro lado, corresponde a Alvarado Tizol contratar a otro notario para que proceda a concluir dichas gestiones sin mayor dilación y en el "poco tiempo" que ahora estima le tomará su gestión. Se le concede un término de cuarenta y cinco días para contratar a un notario, terminar de subsanar las deficiencias incurridas y resarcir a las personas afectadas por los daños ocasionados por las violaciones a nuestro ordenamiento notarial. Finalmente, se le apercibe que su incumplimiento con esta orden conllevará sanciones disciplinarias adicionales, incluso su suspensión indefinida de la abogacía.

*Se dictará la sentencia correspondiente.*